IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

MINUTE ENTRY/ORDER

FOR MATTER TAKEN UNDER ADVISEMENT

| | |
|---|---|
| Bankruptcy Judge: | Eddward P. Ballinger, Jr. |
| Case Name: | Troy D. Stafford and Xochitl B. Stafford - Chapter 7 (previous Chapter 11) |
| Case Number: | 2:22-bk-00609-EPB |
| Subject of Matter: | Objection to Homestead Exemption |
| Date Taken Under Advisement: | May 10, 2022 |
| Date Matter Ruled Upon: | June 7, 2022 |

Creditor Robert Spencer ("Creditor") objects to Debtors' claimed exemption in the proceeds from the sale of their homestead for several reasons. Creditor contends that the funds used to acquire the property were fraudulently received by Debtors such that those sale proceeds should be held in constructive trust for Creditor's benefit. This issue will be addressed as part of the determination of the pending adversary case, 2:22-ap-00102-EPB. Creditor also argues that this Court should disallow the exemption entirely in the event Debtors do not timely invest the

1

funds as required by Arizona Revised Statute ("A.R.S.") § 33-1101(C) (requiring proceeds be reinvested in a new homestead within 18 months). The Court agrees with Debtors that this issue is not ripe for determination. Therefore, Creditor's request for this aleatory relief is denied without prejudice. Finally, Creditor objects to Debtors' claim to an exemption in the amount of $250,000 as permitted by Arizona's recently amended homestead exemption statute, stating that Debtors' exemption is limited to the $150,000 statutory exemption in effect at the time their home was sold. The Court agrees with Creditor that Debtors' homestead exemption is limited to $150,000.

The following facts are undisputed. Debtors sold their home on December 30, 2021. At the time of the sale, A.R.S. § 33-1101(A) provided for a homestead exemption "not exceeding one hundred fifty thousand dollars in value" in real property in which the debtor resides. A.R.S. § 33-1101(C) provided that the exemption "not exceeding the value provided for in subsection A, automatically attaches to the person's interest in identifiable cash proceeds from the voluntary or involuntary sale of the property," which exemption "continues for eighteen months after the date of the sale of the property or until the person establishes a new homestead with the proceeds, whichever period is shorter." Effective "from and after December 31, 2021," the exemption amount in A.R.S. § 33-1101(A) increased to $250,000. Debtors filed bankruptcy on January 31, 2022.

Debtors believe they are entitled to the increased exemption amount based on the well-settled "snapshot" rule, which generally provides that the petition date "fixes" the bankruptcy exemptions at the time of the filing of the bankruptcy petition "in accordance with the state law *applicable* on the date of filing." *In re Jacobson*, 676 F.3d 1193 (9th Cir. 2012)(Emphasis added). The "fixing" of the exemption at the time of the petition is intended to provide certainty

and consistency in determining the amount of the homestead exemption based on the value of the property and all liens against it at a specific point in time – the petition date. Otherwise, over the course of a bankruptcy case the exemption amount would be a moving target subject to changes in the fair market value of the property. But the snapshot rule is not intended to substantively change a debtors' exemption rights, which is what Debtors' analysis attempts.

There are two additional flaws in applying the snapshot rule as Debtors urge. First, Debtors' application would treat those who file bankruptcy differently from those who do not file bankruptcy. Debtors' analysis makes the filing of bankruptcy the dispositive event for determining *which* exemption statute applies, and not simply the event to determine *how* the exemption will be calculated. For example, assume as happened in this case that debtors sold their home on December 30, 2021. But now presume the exemption amount had not increased and that debtors did not file for bankruptcy. Instead, debtors placed the proceeds from the sale into a bank account and waited nearly the full 18 months allowed by the statute to reinvest those funds and, in those 18 months, the legislature amended the homestead exemption to $250,000. Would they be entitled to claim the increased exemption amount and apply $250,000 to the purchase of a new home? The answer has to be "no," yet Debtors' position would mean the filing of a bankruptcy petition would allow an exemption in the higher amount.

The second reason why Debtors' application of the snapshot rule is misplaced is because it ignores the language in 11 U.S.C. § 522(b)(3)(A), and reiterated in the cases discussing the snapshot rule, that exemptions are determined in accordance with state law *applicable* at the time the petition was filed, not simply what state law was *in effect* at the time the petition was filed. This is an important distinction. The state exemption law "applicable" to Debtors at the time they filed their petition was the law in effect as of December 30, 2021. At that point, Debtors

had an exemption in their "interest in real property." Once they sold the property, their exemption "automatically attached" to the proceeds "not exceeding the value provided in subsection A" of 33-1101, which at the time was $150,000. Stated another way, the sale resulted in the fixing of the exemption as provided in the statute on the day of the sale, not a day later or 18 months later. Section 5 of House Bill 2617 expressly provides that the effective date of the increased exemption amount was "from and after December 31, 2021." H.B. 2617. Az. Legis. 368 (2021), 2021 Ariz. Legis. Serv. Ch. 368 (H.B. 2617)("Sections 12–1551, 33–964, 33–1101 and 33–1103, Arizona Revised Statutes, as amended by this act, are effective from and after December 31, 2021.").

Based upon the foregoing,

IT IS ORDERED:

1. Sustaining Creditor's objection and limiting any homestead exemption in which Debtors may be entitled to the statutory amount of $150,000; and

2. Denying, without prejudice, Creditor's request relating to use of the alleged homestead proceeds.